## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

REBEL HAYS,

      Plaintiff,

v.

                                 Case No. 1:14-CV-00579

MEDICREDIT, INC. d/b/a                      Hon. Gordon J. Quist
THE OUTSOURCE GROUP,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE
### DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
### AND RELIANCE UPON JURY DEMAND

      Defendant Medicredit, Inc. ("Defendant"), through its counsel, and for its Answer and

Affirmative Defenses to Plaintiff's First Amended Complaint and Reliance Upon Jury Demand,

respectfully states as follows:[*]

### PARTIES

      Plaintiff: REBEL HAYS 31283 US Highway 12, Niles, MI, 49120 a consumer as defined

by 15 USC §1681a(c) and 1692a(3) a resident of Cass County of the State of Michigan residing

at 31283 HWY US 12., and A consumer as defined as any natural person obligated or allegedly

obligated to pay any debt. Under The Fair Debt Collection practices Act 15 U.S.C. § 1692a(3)

      **RESPONSE:  The allegations in this first unnumbered paragraph state legal
conclusions to which no response is required.  To the extent that a response is
required, Defendant is without knowledge or information sufficient to form a belief
as to the truth of the allegations set forth in this first unnumbered paragraph and,
therefore, denies the same.**

---

[*] This Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Reliance Upon Jury
Demand reproduces the allegations set forth in Plaintiff's First Amended Complaint as they appear in that pleading.
*See* **Doc. 6**.  Stated another way, there are no editorial changes to the allegations reproduced herein.

Defendant: MEDICREDIT, INC. d/b/a The Outsource Group ("Medicredit") a Missouri business entity with the known legal address of 3620 Interstate 70 Drive SE, Columbia, Missouri 65201-6582, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**RESPONSE: Defendant admits that it is a Missouri corporation with a place of business so located, and that it is a debt collector as defined in 15 U.S.C. §1692(a)(6). In further answer, however, Defendant is without knowledge or information sufficient to determine whether it is a debt collector for purposes of the present action, and therefore denies the same.**

## PRELIMINARY STATEMENT

1.      This is an action for damages brought for statutory damages upon Violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.* and for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227*et seq.* Violations of Michigan (MCPA) M.C.L. §445.251 *et seq*, Michigan Occupational Code M.O.C §339.901 *et seq.* and M.O.C §339.915 *et seq* Invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

**ANSWER:      Paragraph 1 of the First Amended Complaint states legal conclusions to which no response is required.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the First Amended Complaint and, therefore, denies the same.**

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is conferred by 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k (d). 28 U.S.C §1331. Michigan Collection Practices Act, M.C.L. § 445.251, *et seq.* ("MCPA"), Michigan Occupational Code, M.C.L. § 339.901, et seq. ("MOC").

**ANSWER:      Admitted that jurisdiction is proper.**

3.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:      Admitted that supplemental jurisdiction is proper.**

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and all portions of the acts giving rise to this action occurred in plaintiffs District.

**ANSWER:   Defendant admits that venue in this judicial district is proper.**

5.      All condition precedent to the bringing of this action have been preformed.

**ANSWER:   Paragraph 5 of the First Amended Complaint states legal conclusions to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the First Amended Complaint and, therefore, denies the same.**

6.      Venue is proper for The Western District of Michigan Southern Division.

**ANSWER:   Again, Defendant admits that venue in this judicial district is proper.**

## FACTUAL ALLEGATIONS

7.      Upon information Defendant, MEDICREDIT, INC. d/b/a The Outsource Group ("Medicredit") is a domestic corporation, authorized to do business in Michigan under MCL § 339.904(1).

**ANSWER:   Admitted.**

8.      Medicredit attempted to collect a Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**ANSWER:   Admitted.**

9.      Plaintiff Rebel Hays is a natural person and consumer as defined under The Fair Debt collection practices Act 15 U.S.C. § 1692a(3) a resident of the State of Michigan and resides in Cass County Michigan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint and, therefore, denies the same.**

10.     Beginning approximately February of 2013 and continuing through September of 2013 Defendants called Plaintiff using "automatic telephone dialing system" (ATDS) capable equipment and left artificial or prerecorded voice messages on Plaintiffs limited use (Verizon) Pageplus wireless phone with the number 269-743-4102 from a number of 888-444-1786. Plaintiffs HTC EVO Sprint 4G phone is used for both a specialized mobile wireless phone network and cellular wireless calls.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the First Amended Complaint and, therefore, denies the same.**

11.     A Debt was purchased, assigned or transferred to MEDICREDIT for collection, or MEDICREDIT was employed by a Creditor to collect the Debt and is a third party.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 11 of the First Amended Complaint.**

12.     Defendants and its agents invasion of Plaintiff's personal privacy in their illegal efforts to collect a consumer debt have significantly damaged Plaintiff.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 12 of the First Amended Complaint.**

13.     Not all calls were documented, upon information Plaintiff believes there were more then 50 robo calls made with leaving prerecorded artificial voice messages, approximately 23 were documented only after Plaintiff ask Defendant to cease calling.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 13 of the First Amended Complaint.**

14.     Defendant placed calls without the prior express written consent using ATDS capable equipment to call Plaintiff's wireless telephone leaving prerecorded "artificial" voice messages on Plaintiff's phone of 269-743-4102 from what is well established in all recorded voice messages as Medicredit inc. with the phone number of 888-444-1786. (see referring affidavit attached) A direct TCPA violation of 47 U.S.C. §227B(1)(A)(iii).

> **ANSWER:     Defendant denies the allegations set forth in Paragraph 14 of the First Amended Complaint.**

15.     Plaintiff has never had any personal or business relationship with Defendants nor has Plaintiff given any express consent of any kind to Defendants. Medicredit Inc. did not have an emergency situation or cause to call Plaintiffs wireless phone at any time.

> **ANSWER:     Defendant denies the allegations set forth in Paragraph 15 of the First Amended Complaint.**

16.     Defendant Medicredit June 20th 2013 @ approximately 2:33pm Plaintiff received a call from 888-444-1786 in the attempt to collect a debt without disclosing there identity, a name of the caller or any initial communication of Mini-Miranda disclosures this action is a direct violation of FDCPA Statute 15 U.S.0 §1692e (11).

> **ANSWER:     Defendant denies the allegations set forth in Paragraph 16 of the First Amended Complaint.**

17.     Plaintiff terminated some calls as prerecorded voice messages were left on plaintiffs wireless phone approximately 23 times, plaintiff has records of these recordings announcing they are from Medicredit inc. to Plaintiff from the numbers listed herein. (*see affidavit of transcripts attached*).

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the First Amended Complaint and, therefore, denies the same.**

18.     On May 31st 2013 at an unknown eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless cell phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit A.*

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 18 of the First Amended Complaint.**

19.     On June 4th 2013 at an unknown eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit B.*

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 19 of the First Amended Complaint.**

20.     On June 5th 2013 at an unknown eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit B.*

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 20 of the First Amended Complaint.**

21.    On June 7th 2013 at an unknown eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit B.*

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 21 of the First Amended Complaint.**

22.    On June 10th 2013 at an unknown eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit C.*

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 22 of the First Amended Complaint.**

23.    On June 12th 2013 at an unknown eastern time zone Medicredit used AIDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit C.*

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 23 of the First Amended Complaint.**

24.    On June 17th 2013 at an unknown eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice

messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation

of 47 U.S.C. §227B(1)(A)(iii). *see exhibit D.*

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 24 of the First Amended Complaint.**

25.    On June 24th 2013 @ approximately 1:20pm eastern time zone Medicredit used

ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial"

voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA

violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit E.*

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 25 of the First Amended Complaint.**

26.    On June 15th 2013 @ approximately 7:39pm eastern time zone Medicredit used

ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial"

voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA

violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit G.*

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 26 of the First Amended Complaint.**

27.    On June 20th 2013 @ approximately 2:33pm eastern time zone Medicredit used

ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial"

voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA

violation of 47 U.S.C. §227B(1)(A)(iii).

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 27 of the First Amended Complaint.**

28.     On June 27th 2013 @ approximately 3:17pm eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit F.*

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 28 of the First Amended Complaint.**

29.     On July 18th 2013 @ approximately 11:32am eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit G.*

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 29 of the First Amended Complaint.**

30.     On July 19th 2013 @ approximately 8:53am eastern time zone Medicredit used AIDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit G.*

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the First Amended Complaint and, therefore, denies the same. Defendant**

**denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 30 of the First Amended Complaint.**

31.     On July 26th 2013 @ approximately 5:07pm eastern time zone Medicredit used AIDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit H.*

>       **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the First Amended Complaint and, therefore, denies the same.  Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 31 of the First Amended Complaint.**

32.     On July 29th 2013 @ approximately 8:30am eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit I.*

>       **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the First Amended Complaint and, therefore, denies the same.  Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 32 of the First Amended Complaint.**

33.     On July 30th 2013 @ approximately 1:46pm eastern time zone Medicredit used AIDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit J.*

>       **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the First Amended Complaint and, therefore, denies the same.  Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 33 of the First Amended Complaint.**

34.     On July 31st 2013 @ approximately 3:17pm eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit J.*

> **ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 34 of the First Amended Complaint.**

35.     On August 2nd 2013 @ approximately 12:29pm eastern time zone Medicredit used AIDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit J.*

> **ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 35 of the First Amended Complaint.**

36.     On August 5th 2013 @ approximately 8:11am eastern time zone Medicredit used AIDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. A TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit K.*

> **ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 36 of the First Amended Complaint.**

37.     On August 6th 2013 @ approximately 12:29pm eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit L.*

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 37 of the First Amended Complaint.**

38.     On August 7th 2013 @ approximately 1:08pm eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit M.*

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 38 of the First Amended Complaint.**

39.     On or about August 9th 2013 @ approximately 10:46am eastern time zone Medicredit used ATDS capable equipment to call plaintiffs wireless phone and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. TCPA violation of 47 U.S.C. §227B(1)(A)(iii). *see exhibit N*

> **ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the TCPA as alleged in Paragraph 39 of the First Amended Complaint.**

40.     On or about July 29th July 30th July 31st August 2nd August 5th August 6th August 7th and August 9th Medicredit used ATDS capable equipment to call plaintiff and left prerecorded or "artificial" voice messages on wireless phone 269-743-4102 in an attempt to collect the Debt. This is harassment under 15 USC §1692d(A)(5). Violation of FDCPA § 805(a)(1) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

> **ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the First Amended Complaint and, therefore, denies the same. Defendant denies that any call made to Plaintiff constitutes a violation of the FDCPA as alleged in Paragraph 40 of the First Amended Complaint.**

41.     Plaintiff sent a dispute validation letter June 11th 2013 asking to validate, no reply was made. *See exhibit O* As a direct consequence of the Defendant's willful or negligent acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

> **ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the First Amended Complaint and, therefore, denies the same. Defendant denies that it has caused Plaintiff to sustain any actual damages as alleged in Paragraph 41 of the First Amended Complaint.**

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT (TCPA)
### 47. U.S.C. § 227 *et seq.*

42.     Defendant hereby incorporates by reference, as if fully stated herein, its answers to Paragraphs 1 through 41 of the First Amended Complaint, including answers to the unnumbered paragraphs.

**ANSWER:** **Defendant incorporates its Answers to Paragraph 1 through Paragraph 41 of the First Amended Complaint as if fully stated herein.**

43.      Defendant MEDICREDIT, INC has violated and demonstrated willful or negligent non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's wireless phone.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 43 of the First Amended Complaint.**

44.      Medicredit violated 47 U.S.C. §227B(1)(A)(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 44 of the First Amended Complaint.**

45.      Medicredit Inc. left approximately 23 artificial and prerecorded messages on Plaintiffs personal wireless phone of 269-743-4102 subsequent to multiple requests to cease calling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the First Amended Complaint and, therefore, denies the same.**

46.      Defendant MEDICREDIT, INC has demonstrated willful or negligent non-compliance with 47 U.S.C. §227B(1)(A)(iii) as none of the calls were for an emergency purpose.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 46 of the First Amended Complaint.**

47.     The last 23 documented calls are subject to treble damages pursuant to 47 U.S.C. §227B(1)(A)(iii) as they were intentional. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

>    **ANSWER:     Defendant denies the allegations set forth in Paragraph 47 of the First Amended Complaint.**

48.     Defendant Medicredit has demonstrated willful or knowing non-compliance with 47 U.S.C. §227B(1)(A)(iii) by calling the Plaintiffs wireless phone. The Plaintiff has never given Medicredit Inc. express written consent or express consent of any to call Plaintiffs wireless phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Medicredit did not have or have ever had an established business relationship within the meaning of 47 U.S.C. §227a(2) *et seq.*

>    **ANSWER:     Defendant denies the allegations set forth in Paragraph 48 of the First Amended Complaint.**

49.     Defendant Medicredit has demonstrated willful or knowing non-compliance with 47 U.S.C. §227B(1)(A)(iii) by continuing to call Plaintiff with total disregard.

>    **ANSWER:     Defendant denies the allegations set forth in Paragraph 49 of the First Amended Complaint.**

50.     Defendant MEDICREDIT, INC has willfully or knowingly violated then committed a documented 23 separate violations of 47 U.S.C. §227B(1)(A)(iii) after multiple requests to cease calling therefore Plaintiff is entitled to statutory damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

>    **ANSWER:     Defendant denies the allegations set forth in Paragraph 50 of the First Amended Complaint.**

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),
## 15 U.S.C. § 1692 et seq BY DEFENDANT MEDICREDIT

51.     Defendant hereby incorporates by reference, as if fully stated herein, its answers to Paragraphs 1 through 50 of the First Amended Complaint, including answers to the unnumbered paragraphs.

> **ANSWER:     Defendant incorporates its Answers to Paragraph 1 through Paragraph 50 of the First Amended Complaint as if fully stated herein.**

52.     On or about July 29th July 30th July 31st August 2nd August 5th August 6th August 7th and August 9th Medicredit repeatedly and continuously called Plaintiff with intent to annoy, abuse, or harass at wireless phone number 269-743-4102 in an attempt to collect the Debt even after a letter to validate was sent to the Defendant in which they did not reply. This is harassment under 15 USC §1692d(A)(5).

> **ANSWER:     Defendant denies the allegations set forth in paragraph 52 of the First Amended Complaint.**

53.     On June 20th 2013 Medicredit has made calls to Plaintiff in an attempt to collect a debt without meaningful disclosure of the caller's identity. Defendant Medicredit on June 20th 2013 @ approximately 2:33pm eastern time Plaintiff received a call from number 888-444-1786 in the attempt to collect a debt without disclosing there identity, a name of the caller or any initial communication of Mini-Miranda disclosures. A direct Violation of 15 U.S.C §1692d(6).

> **ANSWER:     Defendant denies the allegations set forth in paragraph 53 of the First Amended Complaint.**

54.     On June 20th @ approximately 2:33pm The Defendants conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

> **ANSWER:     Defendant denies the allegations set forth in paragraph 54 of the First Amended Complaint.**

55.     The Defendant's conduct violated 15 U.S.C. § 1692f and 1692c(a)(1) in that Defendant used unfair and unconscionable means to collect a debt by causing a telephone to ring at approximately 7:17am October 17th 2013 and engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

> **ANSWER:     Defendant denies the allegations set forth in paragraph 55 of the First Amended Complaint.**

56.     In addition from a Federal violation of the FDCPA Statute 15 U.S.C §1692d(6), The Michigan Consumer Protection Act (MCPA) MCL §445.252g Communicating with a debtor without accurately disclosing the caller's identity or cause expenses to the debtor for a long distance telephone call, telegram, or other charge.

> **ANSWER:     Paragraph 56 of the First Amended Complaint states legal conclusions to which no response is required, to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the First Amended Complaint and, therefore, denies the same.**

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT,
## M.C.L. § 445.251, et seq.

57.     Defendant hereby incorporates by reference, as if fully stated herein, its answers to Paragraphs 1 through 56 of the First Amended Complaint, including answers to the unnumbered paragraphs.

**ANSWER:** **Defendant incorporates its Answers to Paragraph 1 through Paragraph 56 of the First Amended Complaint as if fully stated herein.**

58.     The Plaintiff is a consumer and debtor as the term is defined by M.C.L. §445.251(d).

**ANSWER:** **Paragraph 58 of the First Amended Complaint states legal conclusions to which no response is required, to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the First Amended Complaint and, therefore, denies the same.**

59.     The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant caused a telephone to ring or engaged Plaintiff in wireless phone conversation repeatedly, continuously, or at unusual times or places which were inconvenient to the Plaintiff.

**ANSWER:** **Defendant denies the allegations set forth in paragraph 59 of the First Amended Complaint.**

60.     The Defendants' conduct violated M.C.L. § 445.252(g) in that Defendants communicated with the Plaintiff without accurately disclosing the caller's identity on June 20th 2013 @ approximately 2:33pm .

**ANSWER:** **Defendant denies the allegations set forth in paragraph 60 of the First Amended Complaint.**

61.     The Defendant's conduct violated M.C.L. § 445.252(q) in that Defendant failed to implement any procedures designed to prevent State and/or Federal violations by an employee's.

**ANSWER:** **Defendant denies the allegations set forth in paragraph 61 of the First Amended Complaint.**

62.     The foregoing willful and or negligent acts and omissions of the Defendant constitute numerous and multiple violations of the MCPA, Plaintiff is entitled to damages as a result.

**ANSWER:     Defendant denies the allegations set forth in paragraph 62 of the First Amended Complaint.**

## COUNT IV
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE, M.C.L § 339.901, et seq.
## PRACTICES ACT,
## M.C.L. § 445.251, et seq.

63.     Defendant hereby incorporates by reference, as if fully stated herein, its answers to Paragraphs 1 through 62 of the First Amended Complaint, including answers to the unnumbered paragraphs.

**ANSWER:     Defendant incorporates its Answers to Paragraph 1 through Paragraph 62 of the First Amended Complaint as if fully stated herein.**

64.     Plaintiff is a "consumer" and "debtor" as the terms is defined in M.C.L. §339.901(f).

**ANSWER:     Paragraph 64 of the First Amended Complaint states legal conclusions to which no response is required, to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the First Amended Complaint and, therefore, denies the same.**

65.     Defendant is a "collection agency" as the term is defined in M.C.L. § 339.901(b).

**ANSWER:     Paragraph 65 of the First Amended Complaint states legal conclusions to which no response is required, to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in**

**Paragraph 65 of the First Amended Complaint and, therefore, denies the same.**

66.     The Defendant's conduct violated M.C.L. § 339.915(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

> **ANSWER:     Defendant denies the allegations set forth in paragraph 66 of the First Amended Complaint.**

67.     The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant caused Plaintiffs telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

> **ANSWER:     Defendant denies the allegations set forth in paragraph 67 of the First Amended Complaint.**

68.     The Defendants' conduct violated M.C.L. § 339.915(g) in that Defendants communicated with the Plaintiff without accurately disclosing the caller's identity

> **ANSWER:     Defendant denies the allegations set forth in paragraph 68 of the First Amended Complaint.**

## RELIANCE UPON JURY DEMAND

Defendant hereby relies on the jury demanded by Plaintiff for all issues so triable.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice and that it award Defendant any such other and further relief as the Court deems just and proper, including costs and attorney fees so unnecessarily incurred.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By: s/ Derek D. McLeod
       Derek D. McLeod (P66229)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
dmcleod@jaffelaw.com

*Attorney for Defendant*

-and-

LATHROP & GAGE LLP
Scott J. Dickenson
7701 Forsyth Blvd., Suite 500
Clayton, Missouri 63105
(314) 613-2800
sdickenson@lathropgage.com

Dated: August 1, 2014

## AFFIRMATIVE DEFENSES

A.       All allegations set forth in the First Amended Complaint that have not been specifically admitted by Defendant are hereby denied.

B.       Answering further and by way of affirmative defense, the First Amended Complaint fails to state a claim upon which relief can be granted in that Plaintiff's First Amended Complaint states mere legal conclusions without any factual support.

C.       Answering further and by way of affirmative defense, Plaintiff's First Amended Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

D.       As and for its affirmative defense, Defendant states that any and all failures to comply with the requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of 15 U.S.C. § 1692k(c), Defendant is not liable to Plaintiff.

E.       As and for its affirmative defense, Defendant states that Plaintiff has not incurred any actual damages as a result of the alleged violations by Defendant of the FDCPA.

F.       As and for its affirmative defenses, Defendant states that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*  Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions.  On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, entitled "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of

1991." In part, this Declaratory Ruling provides:

> "[A]utodialed and prerecorded message calls to wireless numbers that are
> provided by the called party to a creditor in connection with an existing debt are
> permissible as calls made with the 'prior express consent' of the called party, and,
> that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit
> application, reasonably evidences prior express consent by the cell phone
> subscriber to be contacted at that number regarding the debt."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23

F.C.C. Rcd. 559, 564 (2008). And, referring to an earlier Order entered in 1992, the FCC stated:

> [P]ersons who knowingly release their phone numbers have in effect given their
> invitation or permission to be called at the number which they have given, absent
> instructions to the contrary.

*Id.*

The phone number allegedly called by Defendant in attempting to collect Plaintiff's

account was provided by the debtor-Plaintiff to the third-party creditor (the "Creditor") to which

the subject debt (the "Debt") was due and owing. Thus, any calls made by Defendant to Plaintiff

were made at the phone number that Plaintiff provided and that Plaintiff consented to be

contacted at with respect to the Debt pursuant to the FCC's interpretation and guidance on the

application of the TCPA. Accordingly, Plaintiff's claims for violation of the TCPA must fail.

Alternatively, Plaintiff, with his full knowledge and consent, provided the cellular telephone

number to the Creditor as the contact number for the account under which the Debt was incurred.

G.      As and for its affirmative defenses, Defendant states that Plaintiff's claims for

violation of the TCPA are preempted by the provisions FDCPA, of 15 U.S.C. § 1692, *et seq.*

The FDCPA was specifically enacted by Congress to regulate communications in the collection

of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating

telemarketing calls, not calls placed in connection with collection of debts. Therefore, imposing

liability on Defendant under the TCPA for any communications made to Plaintiff, and that were

not telemarketing calls, violates the express intent and purpose of the TCPA.

H.     As and for its affirmative defenses, Defendant states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

I.     As and for its affirmative defenses, Defendant states that to the extent that it has inadvertently violated the TCPA in connection with collection of the Debt owed by Plaintiff, such violation was accidental and unintentional.

J.     As and for its affirmative defenses, Defendant states that to the extent that it has inadvertently violated the TCPA in connection with collection of the Debt owed by Plaintiff, this was caused by the actions of third-parties, to wit: (1) Plaintiff in providing to Creditor the cellular telephone number referred to in the First Amended Complaint, and which was contacted by Defendant on behalf of Creditor in an effort to collect the Debt owed by Plaintiff; and (2) the Creditor in providing Plaintiff's cellular telephone number to Defendant, and in representing to Defendant that Plaintiff offered his cellular telephone number as the contact number for the account under which the Debt was incurred.

K.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available.  Defendant hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice and that it award Defendant any such other and further relief as the Court deems just and proper, including costs and attorney fees so unnecessarily incurred.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By: _s/ Derek D. McLeod_____
      Derek D. McLeod (P66229)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
dmcleod@jaffelaw.com

*Attorney for Defendant*

-and-

LATHROP & GAGE LLP
Scott J. Dickenson
7701 Forsyth Blvd., Suite 500
Clayton, Missouri 63105
(314) 613-2800
sdickenson@lathropgage.com

Dated: August 1, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on August 1, 2014, I caused the Answer to Amended Complaint, Affirmative Defenses, and Reliance Upon Jury Demand to be electronically filed with the Clerk of the Court using the ECF system, and via First Class Mail to Rebel Hays, 31283 Highway US 12, Niles, MI 49120.

        Respectfully submitted by:

        **JAFFE RAITT HEUER & WEISS, P.C.**

        By: _s/ Derek D. McLeod_____
            Derek D. McLeod (P66229)
        27777 Franklin Road, Suite 2500
        Southfield, Michigan 48034
        (248) 351-3000
        dmcleod@jaffelaw.com